# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME R. YASHER, ) | |
| ) | No: 2:11-cv-01471-CRE |
| Plaintiff ) | |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| CIGNA CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

1. Plaintiff is Jerome R. Yasher, an adult individual residing in Westmoreland County, Pennsylvania.

2. Defendant CIGNA Corporation is a Delaware corporation having its principal executive offices at 900 Cottage Grove Road, Bloomfield, Connecticut 06002, and is the successor to Anthem Health & Life Insurance Company.

3. This Honorable Court has jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. §1332 and §1367.

4. Venue is appropriate in the Western District of Pennsylvania because the Plaintiff purchased the disability insurance policy within this district.

5. On or about September 15, 1999, Anthem Health & Life Insurance Company ("Anthem") issued disability income insurance group number G56203, group name Pennsylvania Institute of CPA's, policy number *****618 to Plaintiff (hereinafter the "Policy").[1]

6. On or about July 9, 1998, Anthem was sold to the Great-West Life & Annuity Company ("Great-West"), which assumed liability for all policies issued by

---

[1] Because the policy number is the Plaintiff Insured's social security number, it has been partially omitted.

Anthem. During 2008, Great-West was acquired by Defendant CIGNA Corporation, who thereby assumed liability for all policies of Anthem and Great-West. (Collectively, these companies are referred to hereafter as "Insurer").

7. Plaintiff paid the premiums for the Policy to the Insurer beginning on or around September 15, 1999, and continuing to some unknown date.

8. On September 21, 2000, Plaintiff was involved in an automobile accident in the State of South Carolina (the "2000 Auto Accident").

9. As a result of the 2000 Auto Accident, Plaintiff suffered injuries rendering him unable to engage in his occupation as a certified public accountant and forensic accountant, and made a claim for benefits under the Policy.

10. By letter dated April 2, 2001, Insurer notified Plaintiff it had approved his claim stating "[a]t this time, we are considering your disability as related to your auto accident on September 21, 2000…"

11. Insurer has paid Plaintiff benefits under the policy continuously since that time.

12. The Policy provides that:

> "After Weekly Benefits have been paid for 5 years, We will continue to pay the Weekly Benefit during Your lifetime as long as You are wholly and continuously prevented by such injuries from engaging in any substantially gainful occupation or employment for which You are or may become qualified."

13. During the period beginning in 2003 and continuing until 2009, Insurer sent Plaintiff letters reassuring him that he remained eligible for benefits.

14. In reliance on Insurer complying with its obligations under the Policy and continuing to provide Plaintiff benefits for his lifetime, Plaintiff, in 2002, sold his partnership interest in his accounting practice.

15. In selling his business interests, Plaintiff reasonably relied upon the express terms of the Policy and Insurer's communications regarding the cause of his disability.

16. On or about November 23, 2009, Insurer informed Plaintiff that Plaintiff's benefit under the Policy would cease upon his 65th birthday, contrary to the terms of the Policy.

17. Thereafter, Plaintiff's counsel provided Insurer with many of Insurer's prior letters assuring Plaintiff of his benefits and requesting that Insurer acknowledge that, pursuant to the Policy and the representations made by Insurer, Plaintiff would indeed receive the promised benefits for his lifetime.

18. By letter dated November 2, 2011, Insurer informed Plaintiff it would not pay benefits under the Policy for his lifetime.

## FIRST COUNT
### Anticipatory Breach of Contract

19. Plaintiff incorporates Paragraphs 1 through 18 by reference as if set forth at length herein.

20. The Policy constitutes a contract between Plaintiff and Insurer.

21. Insurer has repudiated its obligation under the Policy to continue Plaintiff's benefits pursuant to the Policy.

22. Insurer's repudiation of the Policy is a breach of contract and/or an anticipatory breach of contract.

## SECOND COUNT
### Fraudulent and/or Negligent Inducement and/or Misrepresentation

23. Plaintiff incorporates Paragraphs 1 through 22 by reference as if set forth at length herein.

24. In the Policy, Insurer represented to Plaintiff that in the event he were "wholly and continuously prevented by such injuries from engaging in any substantially gainful occupation..." and if benefits were paid for five years or more, Plaintiff would receive such benefits for the remainder of his lifetime.

25. Insurer informed Plaintiff that his injuries in the 2000 Auto Accident were the cause of his disability.

26. During the period beginning in April 2, 2001, and continuing through November 23, 2009, Insurer's communications with Plaintiff never contradicted its declaration that his disability was due to the 2000 Auto Accident.

27. At no time until 2009 did Insurer communicate to Plaintiff that it was considering his disability as arising from anything other than the 2000 Auto Accident.

28. From April 2, 2001 through November 23, 2009, Plaintiff reasonably relied upon Insurer's communications, including when he sold his partnership interests in his accounting practice.

29. Insurer has refused and continues to refuse to pay Plaintiff benefits under the Policy for his lifetime.

## THIRD COUNT
### Claim Pursuant to 42 Pa. C.S.A. §8371
### Bad Faith Denial of Claim

30. Plaintiff incorporates Paragraphs 1 through 29 by reference as if set forth at length herein.

31.	Insurer was aware of its correspondence sent to Plaintiff and, through its annual medical reviews, Plaintiff's ongoing disability.

32.	At no time prior to November 22, 2009, did Insurer ever inform Plaintiff that it was considering Plaintiff's injuries as being attributable to anything other than the 2000 Auto Accident.

33.	With knowledge of its representations, or with reckless disregard thereof, Insurer has refused and continues to refuse to provide benefits under the Policy to which Plaintiff is entitled.

## FOURTH COUNT
## Claim Pursuant to 73 P.S. §§201-1 et seq.
## Pennsylvania Consumer Protection
## Law/Unfair Trade Practices Act

34.	Plaintiff incorporates Paragraphs 1 through 33 by reference as if set forth at length herein.

35.	Insurer believes, and therefore avers, that Insurer had no intention of paying benefits under the Policy at the time it was issued to Plaintiff.

## FIFTH COUNT
## Declaratory Judgment

36.	Plaintiff incorporates Paragraphs 1 through 35 by reference as if set forth at length herein.

37.	Plaintiff requests the Court enter a declaratory judgment declaring that Plaintiff is entitled to benefits for the remainder of his lifetime, provided he otherwise remains "wholly and continuously prevented by such injuries from engaging in any substantially gainful occupation…."

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff Jerome R. Yasher requests this Honorable Court grant him the following relief:

a.) a declaration that the Plaintiff is entitled to benefits for his lifetime, provided he otherwise meets the qualifications for such benefits, including wholly and continuously prevented by such injuries from engaging in any substantially gainful occupation…."

b.) enter judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial, representing damages pursuant to Insurer's breach of contract;

c.) enter judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial, representing damages pursuant to Insurer's fraudulent misrepresentation;

d.) enter judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial, representing damages pursuant to Insurer's negligent misrepresentation;

e.) enter judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial, plus an award of allowable interest, representing damages pursuant to Insurer's Bad Faith denial, in accordance with 42 Pa.C.S.A. §8371;

f.) an award of punitive damages;

g.) award Plaintiff his reasonable attorney's fees and costs; and

g.) such other and further relief as the Court may find just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of the claims in this Complaint triable to a jury.

        Respectfully Submitted,

        *BENTZ LAW FIRM, P.C.*

        */s/ David J. Barton*
        David J. Barton, Esquire
        Pa. I.D. 81271

        The Washington Center Building
        680 Washington Road, Suite 200
        Pittsburgh, PA 15228
        (412)563-4500